```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                :
JOHNNIE L. PARKER               :
                                :
     v.                         :   Civil Action No. DKC 2009-0055
                                :
PRINCE GEORGE'S COUNTY, MD      :
  et al.                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is the motion to dismiss, or in the alternative, for summary judgment (Paper 11) filed by Defendants Prince George's County, Maryland, Steven Nichols, and Juan Alvarado. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.   Background**

This action arises out of an incident that occurred in the parking lot of the Walmart located at the 8700 block of Woodyard Road in Clinton, Maryland. On or about November 11, 2005, Plaintiff, accompanied by his mother and other unidentified companions, drove a 1997 Honda Accord to Walmart to go shopping. Plaintiff parked the vehicle and went inside the store while his mother, who was suffering from an arm injury, waited in the car. Defendant Nichols, a Prince George's County police officer, saw the vehicle in the parking lot and observed that it was displaying an altered temporary license plate. The number on the license plate

indicating the month of expiration appeared to be either a number twelve (12) or a number ten (10). Defendants supply the license plate showing the altered first number, and Plaintiff acknowledges that "the dealer made a mistake and started to write the issue date and then corrected the date to be the expiration date of sixty days from the date of issue." (Paper 12, at 4). Officer Nichols requested verification of the vehicle's registration from the police dispatcher. According to Defendants, the dispatcher informed Officer Nichols that the owner of the vehicle was Erie Insurance Company. According to Plaintiff, he recently purchased the vehicle from a car dealer.

    Officer Nichols, upon being told by the dispatcher that Plaintiff did not own the vehicle, requested back up. The dispatcher sent Defendant Alvarado, also a Prince George's County police officer, who arrived at the scene approximately four minutes later. When Plaintiff returned to the vehicle, Officers Nichols and Alvarado asked him to demonstrate that the vehicle was properly registered. Plaintiff produced a registration card, which the officers believed was invalid because it was not a carbon copy of the original, did not have a perforated edge, did not have Motor Vehicle Administration ("MVA") boilerplate language on the reverse side, and did not have the word "CUSTOMER" at the bottom. Plaintiff also offered to produce his insurance information, but was told that such information was unnecessary. Officer Nichols

retained the license plate and registration card and, believing the vehicle was not properly registered, called a towing company to impound the vehicle.

At the conclusion of the traffic stop, Officer Nichols issued Plaintiff four motor citations: (1) operating an unregistered motor vehicle; (2) driving an uninsured vehicle; (3) unauthorized display and use of a registration card; and (4) unauthorized display and use of a registration plate.  On February 10, 2006, the matter was scheduled for trial in the District Court of Maryland for Prince George's County.  The State's Attorney elected to enter a *nolle prosequi* for each citation.

On December 29, 2008, Plaintiff filed suit in the Circuit Court for Prince George's County against Prince George's County, Maryland and Officers Nichols and Alvarado advancing the following claims: (1) false arrest; (2) false imprisonment; (3) malicious prosecution; (4) violations of Articles 24 and 26 of the Maryland Declaration of Rights; and (5) violation of 42 U.S.C. § 1983.  Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs.  Defendants removed the case to this court on January 12, 2009 and thereafter filed a motion to dismiss, or in the alternative, for summary judgment on all counts.  (Paper 11).[1]

---

[1]  Defendants' removal notice incorrectly asserts that this court "has original jurisdiction over the sole claim set forth under 42
(continued...)

**II.   Motion to Dismiss, or in the Alternative, for Summary Judgment**

Defendants have moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), or alternatively, for summary judgment under Fed.R.Civ.P. 56.  A court considers only the pleadings when deciding a Rule 12(b)(6) motion.  Where, as here, the parties present matters outside of the pleadings and the court considers those matters, the court will treat the motion as one for summary judgment.  *See Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *JKC Holding*

---

$^{1}$(...continued)
U.S.C. §§ 2651-2653" and that there is complete diversity of citizenship (Paper 1, ¶ 4).  Plaintiff's federal claims are brought under 42 U.S.C. § 1983, not §§ 2651-2653.  Additionally, all parties are citizens of Maryland.  Defendants later assert that removal is not based on diversity jurisdiction.  (Paper 14).

*Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celetox Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997), *cert. denied*, 522 U.S. 810 (1997).  There must be "sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**III. Analysis**

    **A.   Defendants Nichols and Alvarado**

        **1.   State and Federal Constitutional Claims**

Plaintiff alleges that his seizure, arrest, search, and imprisonment were in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and his rights to due process of law under the Fifth and Fourteenth Amendments.  Plaintiff also alleges violations of his state constitutional rights under Article 24 and Article 26.  Defendants contend that Plaintiff's allegations fail to establish a violation of his constitutional rights, and even if Plaintiff could establish that his constitutional rights were violated, Officers Nichols and Alvarado are entitled to qualified immunity.

To prevail on a claim pursuant to § 1983, a plaintiff must prove that (1) the defendant deprived him of a right secured by the Constitution or the laws of the United States, and (2) and the deprivation was achieved by defendants acting under color of state law. *Paul v. Davis*, 424 U.S. 693, 696-97 (1976).  To state a claim under Article 24 and 26 of the Maryland Declaration of Rights similar to § 1983, a plaintiff must establish "(1) [t]he defendant-officer engaged in activity that violated one of the

6

plaintiff's Maryland constitutional rights, and (2) [t]he defendant-officer engaged in such activity with actual malice toward the plaintiff." *Davis v. DiPino*, 99 Md.App. 282, 289 (1994), *rev'd on other grounds*, 337 Md. 642 (1995). Article 24 protects substantive due process rights and Article 26 protects the right to be free from unreasonable searches and seizures; the provisions are construed *in pari materia* with the Fourteenth and Fourth Amendments of the United States Constitution, respectively. *See Canaj, Inc. v. Baker & Div. Phase III*, 391 Md. 374, 424 (2006); *see also Carter v. State*, 367 Md. 447, 458 (2002); *State v. Smith*, 305 Md. 489, 513-14 (1986). Thus, Plaintiff's Maryland Declaration of Rights claim (count IV) and Fourth Amendment claims (count V) are analyzed under the same standard.

In counts four and five of the complaint, Plaintiff asserts that he has separate Fourth, Fifth, and Fourteenth Amendment claims. The gravamen of Plaintiff's complaint is that his constitutional rights were violated during the traffic stop and subsequent seizure of his vehicle. Thus, there is no separate due process claim. As explained by the Supreme Court of the United States:

> Today we make explicit what was implicit in *Garner's* analysis, and hold that all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a

7

>       "substantive due process" approach. Because
>       the Fourth Amendment provides an explicit
>       textual source of constitutional protection
>       against this sort of physically intrusive
>       governmental conduct, that Amendment, not the
>       more generalized notion of "substantive due
>       process," must be the guide for analyzing
>       these claims

*Graham*, 490 U.S. at 395. Therefore, Plaintiff has no cause of action based on the Fifth or Fourteenth Amendments and his state and federal constitutional claims will be analyzed under the Fourth Amendment reasonableness standard.

    **a.   Automobile Stop**

Plaintiff alleges that "[t]he seizure, arrest, search and imprisonment of the Plaintiff by the individual officers acting under color of law . . . without legal justification, was in violation of Plaintiff's clearly established rights against unreasonable searches and seizures . . . ." (Paper 2, ¶ 51).

An automobile stop constitutes seizure of an individual, therefore, police must comply with the Fourth Amendment reasonableness requirement. *See United States v. Wilson*, 205 F.3d 720, 722 (4th Cir. 2000). "[W]hen an officer observes a traffic offense . . . he or she is justified in stopping the vehicle under the Fourth Amendment." *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993).

Here, Officer Nichols had reasonable suspicion to believe that Plaintiff committed a traffic violation and was justified in stopping the vehicle. It is undisputed that Plaintiff was

displaying a license plate with an altered month of expiration in violation of Maryland law.[2] (Paper 11, Ex. 9, Nichols Aff. ¶ 9). Upon observing the altered license plate, Officer Nichols, in accordance with Volume II, Chapter 50, § 8 of the Prince George's Police Department General Orders, identified himself, advised Plaintiff of the reason for the stop, and requested Plaintiff's driver's license and vehicle registration. (Paper 11, Ex. 6). Officer Nichols states that upon investigation of the altered plate, "it was revealed that the license plate along with the registration card was altered and fraudulent." (*Id.* at ¶ 11). Officer Nichols observed that Plaintiff's registration card was not a carbon copy and did not have language that appears on registration cards issued by the MVA. (*Compare* Paper 11, Ex. 3, Plaintiff's Registration, *with* Paper 11, Ex. 4, Sample Maryland Registration). Additionally, the police dispatcher informed Officer Nichols that the registered owner of the vehicle was not Plaintiff, but Erie Insurance Company.

In response to the motion for summary judgment, Plaintiff merely makes the conclusory statement, "the officers proceeded to write numerous traffic tickets without validity." (Paper 12, Parker Aff. ¶ 3). Plaintiff insists that he bought the vehicle

---

[2] Under Maryland law, "a person may not display on or for a vehicle any registration plate that is neither: (1) [i]ssued for the vehicle; or (2) [o]therwise lawfully used on or for the vehicle under this title." Md. Code Ann., Transp. § 13-703(g).

9

from a dealer, but does not offer any evidence to substantiate his assertion that he was the purchaser of the vehicle or that the vehicle's registration and license plate was valid.  The only question is whether a reasonable officer in Defendants' position, and with their knowledge, would have reasonable suspicion that the tags and registration were improper.  Plaintiff has failed to produce any evidence that Defendants' actions were unreasonable under the circumstances.

      b.   **Arrest and Imprisonment**

Plaintiff's Fourth Amendment claim based on arrest fails at the first step because Plaintiff has not shown that he was ever arrested.  As recently noted by the Fourth Circuit,

> the perception that one is not free to leave is insufficient to convert a *Terry* stop into an arrest. . . .  "Terry stops differ from custodial interrogation in that they must last no longer than necessary to verify or dispel the officer's suspicion," not because of "the absence of any restriction of liberty." . . . That [Plaintiff] was not free to leave during the brief period of investigation does not transform his detention into an arrest."

*United States v. Elston*, 479 F.3d 314, 319-20 (4th Cir. 2007)(quoting *United States v. Leshuk*, 65 F.3d 1105, 1109 (4th Cir. 1995)).  Plaintiff alleges that he was taken to a patrol car, placed into the back seat, and believed he was not free to leave.  (Paper 1, ¶ 18).  Plaintiff's unsubstantiated perception that he was not free to leave, without more, does not convert the traffic stop into an arrest.

Officer Nichols merely detained Plaintiff to the extent necessary to conduct an investigatory stop to determine ownership of the vehicle.  Upon learning that Plaintiff was not the owner of the vehicle, the vehicle was impounded, Plaintiff was issued four traffic citations, and Officers Nichols and Alvarado left the scene.   (Paper 11, Ex. 9, Nichols Aff. ¶¶ 13-15).  Defendants provide records from the police dispatcher to show that twenty-four minutes elapsed between the time Officer Nichols inquired about the license plate and the time Metropolitan Towing was contacted.  (Paper 11, Ex. 5).  The detention was no longer than necessary and was reasonable under the circumstances. *See, e.g., U.S. v. Branch*, 537 F.3d 328, 338 (4th Cir. 2008)("30-minute detention justified by the 'ordinary inquiries incident' to a routine traffic stop.").

    **c.**    **Seizure of Vehicle**

Plaintiff alleges that "Defendants, under color of law, wrongfully removed, and held property belonging to the Plaintiff." (Paper 1, ¶ 20).  "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment."  *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009)(quoting *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005)(internal marks omitted).

As previously noted, Officer Nichols determined that Plaintiff's registration and license plate were invalid.  Section 13-401(b) of the Maryland Code, Transportation Article, provides

11

that "[i]f a vehicle is not registered, a person may not drive the vehicle on a highway of this State." Additionally, § 13-701 provides that "as to any vehicle required to be registered under this title, a person may not drive the vehicle on any highway in this State, unless the vehicle displays current registration plates and a current registration card . . . ." Thus, Plaintiff was prohibited by law from any further operation of the vehicle. Plaintiff maintains that the vehicle had valid insurance, but does not provide any evidence to substantiate this assertion. Moreover, assuming *arguendo* that the vehicle was insured, Plaintiff was nonetheless prohibited from driving the vehicle because of the invalid license plate and registration. Although the Officers could have left the unregistered vehicle in the parking lot, their decision not to "does not render their impoundment of [Plaintiff's] car unreasonable." *United States v. Brown*, 787 F.2d 929, 932 (4th Cir. 1986), *cert. denied*, 479 U.S. 837 (1986)(citing *Illinois v. Lafayette*, 462 U.S. 640, 647 (1983)(existence of less intrusive means of conducting search or seizure does not render search or seizure unreasonable so long as circumstances indicate that officers' actions were reasonable)). Accordingly, the seizure was reasonable and not in violation of the Fourth Amendment.

Defendants have demonstrated that there are no genuine issues of material fact regarding whether both the initial traffic stop and the subsequent impoundment of Plaintiff's vehicle were

12

reasonable.  Accordingly, summary judgment will be granted in favor of Defendants for counts IV and V.  "In light of this determination, there is 'no necessity for further inquiries concerning qualified immunity.'"  *Mazuz v. Maryland*, 442 F.3d 217, 231 (4th Cir. 2006)(quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

**2.  State Law Claims**

**a.  False Arrest & False Imprisonment**

Under Maryland law, the necessary elements of false arrest and false imprisonment claims are the same: "1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification."  *Heron v. Strader*, 361 Md. 258, 264 (2000); *see also DeVentura v. Keith*, 169 F.Supp.2d 390, 398 (D.Md. 2001).

For reasons explained in detail above, Plaintiff's claims fail because he was never arrested or imprisoned.  Accordingly, summary judgment will be granted in favor of Defendants with respect to counts I and II.

**b.  Malicious Prosecution**

The elements of malicious prosecution requires Plaintiff to show: (1) the defendants instituted a criminal proceeding against the plaintiff; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) the defendants did not have probable cause to institute the proceeding; and (4) the defendants acted with malice or a primary purpose other than bringing the plaintiff to

13

justice.  *Hines v. French*, 157 Md.App. 536, 553 (2004).  "[The plaintiff] must produce evidence with regard to *all four elements* of malicious prosecution in order successfully to oppose a motion for summary judgment . . . ."  *Nasim v. Tandy Corp.*, 726 F.Supp. 1021, 1024 n.4 (D.Md. 1989)(emphasis added).

Here, Plaintiff fails to satisfy the elements of malicious prosecution.  First, Officer Alvarado never initiated criminal proceedings against Plaintiff.  Rather, it was Officer Nichols who signed each citation that was issued to Plaintiff. (Paper 11, Ex. 7).  Second, Officer Nichols had probable cause to believe that Plaintiff's license plate had been altered, and upon further investigation was informed that Plaintiff was not the owner of the vehicle.  Finally, Plaintiff has failed to establish that Officer Nichols acted with malice or acted with a purpose other than to bring Plaintiff to justice.  Accordingly, Defendants' motion for summary judgment on count III will be granted.

**B.  Defendant Prince George's County**

In light of the finding that judgment will be granted in favor of the individual police officers, there is no basis for liability for Prince George's County.  Accordingly, summary judgment will be granted in favor of the County on all counts.

**III. Conclusion**

    For the foregoing reasons, Defendants' motion will be granted in part.  A separate Order will follow.

                                                                             /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge